UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| V. | : Criminal Case No. 08-86 |
| ALAN SALEH MORNING | : <u>UNDER SEAL</u> |

**<u>GOVERNMENT'S MOTION FOR PRETRIAL DETENTION</u>**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this court to order the pretrial detention of defendant Alan Saleh Morning, pursuant to Title 18 U.S.C. §§ 3141(e) and (f)(2)(A), and states the following in support thereof.

**<u>Background</u>**

The defendant, a Syrian and naturalized United States citizen with significant contacts outside the United States and a history of making fraudulent statements to the United States government, is charged in a three count indictment. On April 3, 2008, the defendant was charged with three counts of knowingly and willfully making a false statement in an application for a passport, in violation of Title 18, United States Code §1542, each of which carries a maximum sentence of ten (10) years. The facts in support of the charges are as follows:

On or about June 29, 2005, the defendant, while in Egypt, submitted a U.S. passport application, known as a DS-11, in which (1) he falsely stated that his permanent address was "119 Skyline

Drive, Santa Barbara, CA, U.S.A.," and (2) he fraudulently omitted any aliases or other names that he has used.  Section 17 of the passport application requests "Other Names You Have Used."  The defendant left this section blank.  As a result, passport numbered 711228515 was issued to the defendant at the U.S. Embassy in Egypt on August 29, 2005.

On or about April 2, 2006, the defendant, while in Egypt, submitted a U.S. passport application, in which he again fraudulently omitted any aliases or other names that he has used, by leaving Section 17 of the passport application blank.  As a result of the April 2, 2006 passport application, U.S. passport numbered 711254307 was issued to the defendant on April 12, 2006.

On or about February 5, 2008, the defendant, while in Egypt submitted an application for additional visa pages for his U.S. passport, in which he falsely stated that his permanent and mailing addresses were "119 Skyline Cir., Santa Barbara, Ca., 93109."

The defendant knew that statements made in the above applications concerning the "119 Skyline Drive" address were false.  He purchased the property in 1988, and then sold it in December 2001.  In March 2005, which is prior to the submission of the above referenced applications, the property was resold to its present owner.  At no time since December 2001 has the defendant had any interest in the "119 Skyline Cir." address.

The defendant also fraudulently and knowingly omitted any aliases or other names used.  Immigration records reflect that the defendant entered the United States on or about July 7, 1971.  At that time, his name was Saleh Mohamed Karazeh.  Since that time, the defendant has legally changed his name three times: (1) on or about August 19, 1974, the defendant legally changed his name to Saleh Med Cherry; (2) on or about February 25, 1977, the defendant legally changed his name to Harry Saleh Cherry Adamson; and (3) on or about September 20, 1979, the defendant legally changed his name to Alan Saleh Morning.

In addition to having three other names, the defendant was using different names both before, during, and after he completed the June 25, 2005 and April 2, 2006 passport applications.  On June 29, 2007, the defendant, was searched upon entry into the United States by the Customs and Border Patrol (CBP) at New York's JFK International Aiport.  The CBP officers located a Syrian passport and a Texas driver's license among the defendant's personal effects.  Both documents pictured the defendant and were in the name of Saleh Karazeh. The Texas driver's license was issued on August 30, 1999, approximately twenty-five years and two names after his first legal name change.  Moreover, on or about February 27, 2008, the defendant was stopped by CBP at Chicago O'Hare International Airport.  During a secondary search, CBP officers located a valid Syrian

passport in the name of Saleh Karazeh.  The Syrian passport was issued in 1997 and is due to expire in 2009.  The CNP also located on the defendant's person an identification card, in the name of Saleh Karazeh, issued by the state of Texas; and a valid identification card, in the name of Salehalan C. Morning, issued by the state of Wisconsin.  All three of these identifications pictured the defendant.

### Legal Analysis

A.  <u>Pretrial Detention Is Necessary To Assure the Defendant's Appearance At Trial</u>

The federal bail statute authorizes a defendant's pretrial detention when no "condition or combination of conditions will reasonably assure the appearance of the person .. . and the safety of any other person and the community." 18 U.S.C. § 3142(e).  The government must prove that a defendant presents a risk of flight only by a preponderance of the evidence, not by clear and convincing evidence or other, more demanding standards.  <u>United States v. Vortis</u>, 785 F.2d 327, 328-29 (D.C. Cir. 1986); <u>United States v. Xulam</u>, 84 F.3d 441, 442 (D.C. Cir. 1986).  Moreover, as this Court is well aware, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. §3142(f).  The government is permitted to proceed by proffer to establish facts relevant to the bail decision. <u>United States v. Smith</u>, 79 F.3d 1208, 1210 (D.C. Cir.

4

1996).

The federal bail statute provides factors to be considered in determining whether there are conditions of release that will reasonably assure the defendant's appearance.  See 18 U.S.C. §3142(g).  Three of the four factors strongly support the need for detaining the defendant pending trial – including the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, and the history and characteristics of the defendant.

   1.   Nature and Circumstances of the Offenses Charged

While the facts concerning the three charges are outlined above, the circumstances surrounding the defendant's arrest, on February 27, 2008, raise serious questions regarding his identity and clearly demonstrate that he is a risk of flight.  The defendant entered the country as U.S. citizen Alan Saleh Morning; he, however, possessed a valid Syrian passport, reflecting his Syrian citizenship in the name Saleh Karazeh.  He also possessed two state issued identifications – a Texas identification in the name of Saleh Karazeh and a Wisconsin identification in the name of Salaehalan C. Morning.  CBP also recovered a partially completed DS-11 form, in which the defendant again misstated his permanent address.

Furthermore, there appears to be compelling evidence that the defendant would have the ability to flee this country if he

is released on bond.  In addition to having access to multiple forms of identifications, he appears to have significant financial resources.  At the time of his arrest, the defendant had in his possession bank and financial statements indicating access to large amounts of cash in the United States.  For example, a financial statement, dated June 2002 and in the defendant's name, reflected the sale hundreds of thousands of dollars in stocks.  Other seized documents, which are currently subject to investigation, suggest further access to assets abroad.

    2.    <u>Weight of the Evidence Against the Defendant</u>

The evidence in this case is overwhelming.  It consists primarily of official records from the United States Department of States and various local governmental entities.  As such, many of the fact are not subject to dispute.

    3.    <u>History and Characteristics of the Defendant</u>

The defendant entered the United States in 1971.  At that time, he advised that he was Syrian born Saleh Mohamed Karazeh. He became a naturalized citizen of the United States in 1974, at which time he legally changed his name to Saleh Med Cherry.  In February 1977 and September 1979, the defendant legally changed his name to Harry Saleh Cherry Adamson and Alan Saleh Morning, respectfully.  Since acquiring U.S. citizenship, the defendant has possessed more than 30 U.S. passports and has been issued two

social security numbers. In his 30 plus passport applications, he has made many fraudulent and inconsistent statements, including statements concerning his marital status, date of marriage, address, and place of birth (country and city).

The defendant also has a history of fraudulently obtaining state issued identifications. In 1998, the defendant applied for and received a state issued Texas identification card, in the name of Saleh Karazeh. He fraudulently used his Syrian passport and his 1971 social security card as proof of identity.[1] In 2000, the defendant was issued a Wisconsin driver's license in the name Salehalan C. Morning, and in 2004, he was issued a Wisconsin identification in the name of Salehalan C. Morning.

Additionally, the defendant has no ties to the District of Columbia, and appears to have only remote ties to the United States. His last known U.S. property was a residence in California, which he sold in 2001. He has no home in the United States. The defendant also frequently travels and or resides outside the United States. A review of the defendant's many passport applications shows frequent travel to countries throughout the Middle East, Europe, Asia and Africa. He has applied for and or been issued U.S. passports in France, Syria,

---

[1] The defendant was issued a social security number in 1971 in the name Saleh Karazeh. He was issued a second social security number in 1979 in the name Alan Saleh Morning.

7

Qatar, Switzerland, Netherlands, China, Saudi Arabia, and Ukraine.  He also lived in the Ukraine in the early to mid-1990s, and, most recently, in Egypt.

### Conclusion

The facts and history presented in this case raise serious questions concerning the defendant's true identity.  The defendant has demonstrated that he has the ability, contacts, and propensity to travel and reside outside the United States.  He has no concrete connection to the United States, nor reason to remain in the United States.  There is no condition or combination of conditions that could reasonably assure the defendant's appearance for trial.  Accordingly, the Government respectfully requests that the motion to detain the defendant without bond pending trial be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610


By:_____
MICHAEL C. DILORENZO
Assistant U.S. Attorney
MD Bar Number 931214 0189
National Security Section
555 Fourth Street, N.W., 11th Floor
Washington, D.C.  20530
(202) 307-0618 telephone
(202) 307-6059 facsimile

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ALAN SALEH MORNING, )<br>)<br>    Defendant. )<br>_____ ) | CRIMINAL CASE NO. 08-86 |

**ORDER OF DETENTION**

    Upon consideration of the Government' motion to detain the defendant without bond pending trial pursuant to 18 U.S.C. § 3142 and the entire record herein, it is, this _____ day of April, 2008,

    ORDERED, that the Government's motion is granted and that defendant ALAN SALEH MORNING will be held without bond pending trial. In support of this ruling, the Court makes the following findings:

1.    The defendant has no significant ties to the United States and his personal characteristics support the conclusion that he is a risk of flight if released.

2.    The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2).

3.    The defendant shall be afforded reasonable opportunity for

private consultation with counsel.  18 U.S.C. § 3142(i)(3).

                                                _____
                                                United States Magistrate Judge