UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALAN SALEH MORNING,<br><br>Defendant. | Criminal No. 08-086<br>JDB/DAR |

## MEMORANDUM OF FINDINGS OF FACT
## AND STATEMENT OF REASONS IN
## SUPPORT OF ORDER OF DETENTION

### I. INTRODUCTION

Defendant is charged by a three-count indictment with knowingly and willfully making a false statement in an application for a passport, in violation of 18 U.S.C. § 1542. The undersigned United States Magistrate Judge conducted a detention hearing on April 15, 2008.

Upon consideration of the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

### II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v.

United States v. Morning                                                                                                                    2

Simpkins, 826 F.2d 94, 98 (D.C. Cir. 1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The government proceeded by proffering the allegations in substantial conformity with the Government's Motion for Pretrial Detention (Document No. 5). More specifically, counsel for the government proffered that Defendant: (1) entered this country as U.S. citizen Alan C. Morning, but possessed a valid Syrian passport, reflecting his Syrian citizenship in the name of

United States v. Morning                                                                                                   3

Selah Karazeh; (2) possessed two state-issued identifications, a Texas identification in the name of Selah Karazeh and a Wisconsin identification in the name of Selahalan C. Morning; (3) misrepresented his permanent address on passport applications; and (4) failed to indicate previous names or aliases on his passport applications.

   In further support of the government's request for pretrial detention, counsel for the government proffered that Defendant: (1) made misrepresentations in previous passport applications concerning his place of birth; (2) possessed, when arrested, financial documents indicating past access to assets in excess of $600,000 in U.S. Currency; (3) maintained assets in Egypt where he has resided for the last couple of years; and (4) had prior contacts with the criminal justice systems in Italy, Egypt and Turkey.

   Defendant offered no evidence. Through his counsel, Defendant proffered that: (1) he is a U.S. citizen; (2) he had his name legally changed three times; (3) there is uncertainty regarding whether the identifying information on the passport applications, passports and identification cards were factually inaccurate at the time of their respective submissions or issuances; (4) the government failed to present evidence that the Defendant was using the identification cards to falsely identify himself; (5) he has no prior arrest record in any jurisdiction; (6) the government failed to present evidence that he would not appear; (7) the U.S. Government is in possession of his U.S. passport; and (8) he suffered a heart attack since his arrest.

   Counsel for the government continued to oppose Defendant's request for release, proffering that: (1) the Defendant has no contacts or ties to the District of Columbia; (2) on June 29, 2006 and February 27, 2008, a Syrian passport issued in the name of Selah Karazeh was found in the Defendant's possession; (3) the Syrian passport was issued on October 13, 1997,

United States v. Morning                                                                                                           4

renewed on February 26, 2008, and will expire on February 23, 2009; (4) the Defendant possessed state identification in the name of Selah Karazeh which was obtained in 1999 and expired on June 20, 2007; (5) the Defendant possessed a second state identification card issued under another name in February, 2004 and will expire on June 20, 2008; and (6) the Defendant misrepresented his home address on previous passport applications. Counsel for the government further proffered that at the time of his arrest, Defendant possessed a partially completed passport application listing his home address as 119 Skyline Drive, a property Defendant sold in 2001. The government concluded that the significant concerns about the Defendant's identity warrants his further detention as a risk of flight.

## IV.  FINDINGS OF FACT

Upon consideration of the first three factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure Defendant's appearance in court.[1]  First, the nature and circumstances of the offense charged indicate that the Defendant actively misrepresented critical information in applications for obtaining passports.

Second, for the reasons offered by counsel for the government, the undersigned finds that the weight of the evidence against the Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release. Defendant has no verifiable ties to this, or indeed any, community. Moreover, the government's proffer

---

[1] No evidence was proffered with respect to the fourth factor, and the undersigned makes no findings with respect to the fourth factor.

United States v. Morning                                                                                                                5

regarding Defendant's possession of multiple identification documents - - including passports - - is largely unrebutted.  *See* Government's Motion for Pretrial Detention (Document No. 5) at 6-8.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the April 15, 2008 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

May 2, 2008
DATE


April 15, 2008
NUNC PRO TUNC